IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CAMERON CHRISP, | ) | 8:15CV62 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| HALL COUNTY, HALL COUNTY JAIL, HALL COUNTY MEDICAL UNIT, HALL CO. MEDICAL APRN, HALL CO JAIL INVESTIGATIVE OFFICER, HALL CO JAIL DIRECTOR, and HALL CO JAIL ADMINISTRATOR, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's correspondence dated March 9, 2015. (Filing No. 9.) Plaintiff seeks to "challenge any prepayment of any fees or costs associated with his IFP Application." (*Id.* at ECF 1.) Plaintiff sets forth that his "account will indicate [he] has not ever had money on [his] account in Hall County Jail." (*Id.*)

Under the Prison Litigation Reform Act ("PLRA"), an indigent inmate who files a lawsuit in federal court must pay the $350.00 filing fee, *first by making an initial partial payment* and then by sending the remainder of the fee to the court in installments. An indigent inmate must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. The method for collecting the filing fee from a prisoner is specifically provided for in 28 U.S.C. § 1915(b). Section 1915(b) is written in mandatory terms ("shall"), leaving no discretion to the district court to waive an in forma pauperis prisoner's filing fee.

"[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001). Moreover, prisoners remain responsible for their entire filing fees, as long as they are prisoners, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d at 529-30; *Jackson*, 173 F. Supp. 2d at 951.

In this case, the Court has not yet received a copy of Plaintiff's trust account statement from Plaintiff's current place of incarceration, though two requests for the statement have been made. (*See* Filing Nos. 5 and 6.) Once the Court receives the statement, the Court will determine whether Plaintiff is entitled to proceed in forma pauperis in this case. If so, Plaintiff will be required to pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. If both amounts are zero, as Plaintiff suggests, then he will not be required to pay an initial partial filing fee. He will, however, be responsible for the entire amount of the $350.00 filing fee so long as he is incarcerated. Accordingly,

IT IS ORDERED:

1. Plaintiff's objection to the imposition of an initial partial filing fee (Filing No. 9) is overruled. However, if the Court finds on review of Plaintiff's trust account statement that his account balance is zero and he has had zero deposits to his trust account, he will not be required to pay an initial partial filing fee.

2. The Clerk's Office is directed to send a copy of this Memorandum and Order to the financial officer at the Hall County Jail.

3. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Filing No. 8) remains pending.

DATED this 11th day of March, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge