IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CAMERON CHRISP, | ) | 8:15CV62 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| HALL COUNTY, HALL COUNTY JAIL, HALL COUNTY MEDICAL UNIT, HALL CO. MEDICAL APRN, HALL CO JAIL INVESTIGATIVE OFFICER, HALL CO JAIL DIRECTOR, and HALL CO JAIL ADMINISTRATOR, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This action was filed by Cameron Chrisp ("Chrisp"), a pro se litigant incarcerated at the Hall County Jail in Grand Island, Nebraska. The Court previously granted Chrisp permission to proceed in forma pauperis in this action. The Court now conducts an initial review of Chrisp's Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

### I. SUMMARY OF COMPLAINT

Liberally construed, Chrisp brought this action pursuant to 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment rights. Chrisp alleged the following parties are responsible for violating his rights: Hall County, the Hall County Jail, the Hall County Medical Unit, the Hall County Medical APRN, the Hall County Investigative Officer, and the Hall County Jail Director and Administrator. (*See* Filing No. 1 at ECF 1.)

Chrisp alleged he suffers from numerous medical conditions including cervicalgia, lumbago, chronic musculoskeletal conditions in both shoulders, bone spurs, "glenohumeral joint" moderate to severe osteoarthritis, anthralgia, bursitis, and tendonitis. (*Id.* at ECF 1-

2.) Chrisp alleged jail officials are not providing him "appropriate" medical care. Specifically, they have not given him "any adequate muscle or inflammation medications." (*Id.* at ECF 3.) Chrisp does not specify what relief he seeks, but the Court can reasonably infer from his allegations that he seeks an order compelling jail officials to provide him anti-inflammatory medications.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank,*

*N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, the plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Chrisp named Hall County and several Hall County officials as defendants in this case. The Court assumes Chrisp has sued the county officials in their official capacities.[1] The initial question the Court must consider is whether Chrisp's claims against the county defendants fail as a matter of law because he did not allege a policy or custom caused his injuries.

A municipality is liable under section 1983 only if injury was caused pursuant to the municipality's policy or custom. *Los Angeles Cnty., California v. Humphries*, 562 U.S. 29, 30-31 (2010) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

---

[1] Chrisp did not specify the capacity in which the defendants are sued. Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

"Official policy involves 'a deliberate choice to follow a course of action made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By and Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v City of Cincinnati*, 475 U.S. 469, 483 (1986)). A governmental custom involves:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Chrisp did not allege a Hall County policy or custom caused his injuries. Therefore, his Complaint does not state a claim upon which relief may be granted against the county or the county officials sued in their official capacities. On the Court's own motion, Chrisp will be given an opportunity to file an amended complaint that states a claim upon which relief may be granted against Hall County. Chrisp is encouraged to use the court-approved form to draft his amended complaint, which the Clerk of the Court will provide to him. **Chrisp must clearly designate on the face of the document that it is the "Amended Complaint" in this case**.

### IV. MOTIONS TO APPOINT COUNSEL

Chrisp filed two motions seeking the appointment of counsel (Filing Nos. 15 and 19). The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" *Id.* (internal citation and quotation marks omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel will be denied.

### V. MOTION FOR DISCOVERY

Chrisp filed correspondence in this case addressed to the Clerk of the Court seeking discovery of, among other things, "all records of [his] incarceration and medical history, [and] classification." (Filing No. 18.) As discussed above, Chrisp's Complaint does not state a claim for which relief may be granted. Therefore, any motion related to discovery is premature. Accordingly,

IT IS ORDERED:

1. Chrisp must file an amended complaint within 30 days in accordance with this order. Failure to file an amended complaint will result in the Court dismissing this case without further notice to Chrisp.

2. The Clerk of the Court is directed to set a pro se case management deadline in this matter: July 6, 2015: Check for amended complaint; dismiss if none filed.

3. Chrisp's Motions to Appoint Counsel (Filing Nos. 15 and 19) are denied.

4.     Chrisp's Motion for Discovery (Filing No. 18) is denied.

5.     The Clerk of the Court is directed to send to Chrisp a blank civil complaint form.  Chrisp is encouraged to use the form to draft his amended complaint. **Chrisp must clearly designate on the face of the document that it is the "Amended Complaint" in this case**.

DATED this 3rd day of June, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge